IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CARY NELSON REHBEIN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:94CV3244 |
| | ) | |
| v. | ) | |
| | ) | |
| E. BENJAMIN NELSON, Governor, | ) | MEMORANDUM AND ORDER ON |
| HAROLD W. CLARKE, and DONALD | ) | PENDING MOTIONS |
| STENBERG, Attorney General, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

A judgment resolving this civil case was entered on September 22, 1997, (see Filing No. 99), and a judgment resolving a related case, Rehbein v. Danahar, No. 4:93cv3434 (D. Neb. Sept. 22, 1997), was entered on that same date. The docket sheets indicate that no appeals were taken from these judgments. The cases are closed. Nevertheless, the plaintiff continued to file motions in this case and in the related case. On March 18, 2003, I entered orders in both cases scheduling a hearing "on the issue of whether [the cases] should be reopened because of a violation of the settlement agreement as charged" by the plaintiff. (ECF No. 115.) See also Danahar, No. 4:93cv3434 (D. Neb. March 18, 2003) (order scheduling hearing). This hearing was held on April 11, 2003, (see, e.g., ECF No. 124), and in a memorandum and order dated April 22, 2003, I concluded that this "case will not be reopened for any purpose," (Mem. & Order at 3, ECF No. 127). I entered the same order in the related case. See Danahar, No. 93cv3434 (D. Neb. April 22, 2003) (memorandum and order denying reopening).

Despite my orders of April 22, 2003, the plaintiff continued to file various documents in both cases. On June 20, 2007, United States Magistrate Judge David L. Piester filed a memorandum and order in the related case that addresses a set of these filings. See Danahar, No. 93cv3434 (D. Neb. June 20, 2007) (memorandum and order denying motions to reopen). Among other things, Judge Piester's order states that the case is closed, that it will not be reopened, and that "[i]f plaintiff wants

1

to raise claims against prison officials, he must do so in a new case, following the requirements of the Prison Litigation Reform Act." Id. at 2. In addition, Judge Piester's order states,

> The clerk shall not without further order accept for filing any further documents received from plaintiff bearing the case number of this case, unless they are signed by an attorney admitted to practice in this court. All further correspondence or other documents which are received from plaintiff and either bear this case number or otherwise repeat the claims of this case shall be returned to plaintiff, unfiled.

Id. at 3.

Since October 16, 2012, the plaintiff has filed eleven new documents in the instant case: On October 16, 2012, the plaintiff filed a "Motion to Compel Respondant's [sic] to Comply with Signed Contract from 4 cv 94-3244." (ECF No. 133.) On October 29, 2012, the plaintiff filed a document titled "Contract Violation Willful Misconduct Sexual Assault Destruction of Document's [sic] by Defendant's [sic]." (ECF No. 134.) On November 2, 2012, the plaintiff filed a document entitled "Court Order Additional Proof of Tampering By Defendants, Move this Court to Compel Respondent's [sic]." (ECF No. 135.) On November 5, 2012, the plaintiff filed a "Motion for Physical Appearance at Court with Counsel and Evidence from Trial Case." (ECF No. 136.) On November 13, 2012, the plaintiff filed a "Failure to Prosecute Motion in Favor on all Count's [sic] for Petitioner." (ECF No. 138.) On November 13, 2012, the plaintiff filed a request for a "Physical Appearance Hearing" and for "Damages [$]10,950650.00 total." (ECF No. 139.) On November 16, 2012, the plaintiff filed a document entitled "Compel Compliance to Commutation Order 30 to 60 as Agreed 1997." (ECF No. 140.) On November 19, 2012, the plaintiff filed a document entitled "Compell [sic] Compliance of Contract and Commutation 30 to 60 as Stipulated 1997 Nov 15 and U.S. Supreme Court Rule." (ECF No. 141.) On November 19, 2012, the plaintiff filed a "Request for Court Order of Material." (ECF No. 142.) More specifically, the plaintiff asks to be given computer equipment, software, and other resources that "a attorney [sic] would have for a tool to prepare [sic] for a case to defend his or her client." (Id.) On November 26, 2012, the plaintiff filed a motion to compel her release from custody. (ECF No. 144.) Finally, on November 29, 2012, the plaintiff filed a document titled "Petition Under First, Sixth, Fourteenth, Amendments / Seqragation

[sic] of Women from Men . . . ." (ECF No. 146.) The clerk docketed filing numbers 133, 136, 138, 139, 140, 141, 142, 144, and 146 as motions, and the clerk docketed filing numbers 134 and 135 as "notices" associated with filing number 133. None of the documents bears the signature of an attorney.

A detailed review of the matters raised in the plaintiff's documents is not necessary. It suffices to note that most of the matters raised in the documents appear to have, or are alleged to have, some connection with issues raised previously in this case or the related case, and the plaintiff is using this closed case as a vehicle to file requests for various types of relief. I construe the plaintiff's documents as motions to reopen this case, and as I have already found that this case will not be reopened for any purpose, the plaintiff's motions will be denied. In addition, the plaintiff will be prohibited from making any additional filings in this case. If the plaintiff wishes to raise claims against the defendants (or others), the plaintiff must file a new case to do so.

**IT IS ORDERED** that:

1. The plaintiff's recent filings, which I have construed to be motions to reopen this case, (ECF Nos. 133, 134, 135, 136, 138, 139, 140, 141, 142, 144, and 146) are denied; and

2. Unless otherwise ordered, the clerk shall not accept for filing in this case any documents received from the plaintiff, unless those documents are signed by an attorney admitted to practice in this court.

Dated December 3, 2012.

                        BY THE COURT

                        *Warren K. Urbom* (signature)

                        Warren K. Urbom
                        United States Senior District Judge